02-4992(L)
Iouri v. Ashcroft

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

August Term, 2004

(Argued: March 22, 2005          Decided: September 11, 2006;
Amended: September 13, 2006          On Petition for Rehearing: Decided: May 24, 2007)

Docket Nos. 02-4992(L), 02-4998(CON), 03-40132(CON), 03-40134(CON)

_____

VLADIMIR IOURI and VERA YURIY,

*Petitioners,*

− *v.* −

JOHN ASHCROFT, Attorney General of the United States,

*Respondent.*

_____

BEFORE:                    SOTOMAYOR, RAGGI, and HALL, *Circuit Judges.*

Petitioners Vladimir Iouri and Vera Yuriy petition for rehearing, arguing this Court neglected a material change in the law following the repeal of the IIRIRA transitional rules through the REAL ID Act of 2005, Pub. L. 109-13 § 106(d). Opinion modified and petition for rehearing denied.

> Dan M. Kahan, Yale Law School Supreme Court Advocacy Clinic, New Haven, CT; Charles A. Rothfeld and Andrew Pincus, Mayer, Brown, Rowe & Maw LLP, Washington, D.C.; and Irena Kogan, Brooklyn, NY *for Petitioners.*
>
> John C. Cunningham, *Senior Litigation Counsel* (Peter D. Keisler, Assistant Attorney General, Linda S. Wendtland, Assistant Director, *on the brief*), Office of Immigration Litigation, Washington, D.C., *for Respondent.*

On consideration of the petition for rehearing, the opinion issued on September 11, 2006, is modified in order to clarify that, following the repeal of IIRIRA's transitional rules, our court no longer lacks jurisdiction to review petitions for stays of deportation. For ease of reference, a fully revised opinion shall issue this date.

1.  We delete the following sentences of the opinion found at 464 F.3d at 178-79:

    > Petitioners here, however, are subject to the transitional rule of IIRIRA because deportation proceedings against them commenced prior to April 1, 1997, and a final deportation order was entered after October 30, 1996. Pub. L. No. 104-208, § 309(c)(4), 110 Stat. 3009, 3009-546, 3009-625. Two changes made applicable by the transitional rules are relevant here.

In place of those deleted sentences, we insert the following:

    > Petitioners here, however, are subject to the rule of IIRIRA, as amended by the REAL ID Act of 2005, because a final deportation order was entered after October 30, 1996. Pub.L. No. 104-208, § 309(c)(4), 110 Stat. 3009, 3009-546, 3009-625; REAL ID Act of 2005, Pub. L. 109-13, § 106(d), 119 Stat. 231, 311. Two changes made applicable by IIRIRA are relevant here.

2.  In the opinion at 464 F.3d at 179, we delete the phrase "—a permanent rules case—."

3.  We delete the following sentences of the opinion found at *Iouri v. Ashcroft*, 464 F.3d 172, 180 (2d Cir. 2006):

    > Such stays are particularly important in cases governed by IIRIRA's transitional rules because removal of an alien strips this Court of jurisdiction to hear their petition for review. *See Elian*, 370 F.3d at 900. Thus, if we deny a stay of deportation, we deprive ourselves of the opportunity to review a claim, and as a result, we may end up returning an alien to the very persecution he or she was fleeing in the first place.

4.  We modify footnote 8, 464 F.3d at 180, to read as follows:

    > Under IIRIRA's transitional rules, the relief sought by stays of deportation was particularly significant because removal of an alien under those rules stripped this Court of jurisdiction to hear their petition for review. *See Elian*, 370 F.3d at 900. During the course of this appeal, Congress repealed the IIRIRA transitional rules, reestablishing our jurisdiction to hear the appeals of aliens in spite of their departure. *See Obale v. Att'y Gen.*, 453 F.3d 151, 160 n.9 (3d Cir. 2006) ("Congress enacted 8 U.S.C. § 1252(b)(3)(B) in order to permit judicial review of a removal order even if the alien has departed the United States."). This enactment did not, however, render a stay of deportation and a stay of voluntary departure functionally the same. Notwithstanding the repeal of the IIRIRA transitional rules, these two forms of relief continue to differ in both their practical and equitable respects. Consequently, the

Government deserves prompt notice of precisely what relief a petitioner seeks. Indeed, providing such notice is a petitioner's responsibility. Under Federal Rule of Appellate Procedure 18, which governs stays pending review of an agency decision, a motion for a stay must include "the reasons for granting the relief requested and the facts relied on." Fed. R. App. P. 18(a)(2)(B)(i). In this case, Petitioners styled their motion as a "stay of deportation" and, in support, noted that because stays are no longer automatically issued they are "subject to being *physically deported* from the United States at any time" and that a "denial of a Stay of Deportation will allow the INS to act to *deport them* and render [the] Petition for Review moot." It is clear, then, that the reasons offered by Petitioners for granting their stay were aimed at halting their deportation rather than extending their period for voluntary departure. Petitioners thus failed to give appropriate notice that they sought relief in the form of a stay of voluntary departure. As a result, they are now not entitled to that relief. *See Thapa,* 2006 WL 2361248, at *13 (stating that the equities relevant to a stay of a voluntary departure order and a stay of an order of removal may balance differently and concluding that granting Thapa's motion for a stay of the voluntary departure order did not necessitate granting his motion for a stay of the order of removal).

5. We delete the following sentence of the opinion found at 464 F.3d at 181: "Whereas a stay of deportation is aimed at preserving the court's jurisdiction, a stay of the voluntary departure period is a way for the alien to extend the benefits of the privilege of voluntary departure beyond the date the alien was initially afforded." In its place, we insert: "Whereas a stay of deportation is aimed at preventing forcible removal, a stay of the voluntary departure period is a way for the alien to extend the benefits of the privilege of voluntary departure beyond the date the alien was initially afforded."

6. Finally, we delete footnote 9, found at 464 F.3d at 181.

The petition for rehearing is DENIED.